KATHERINE V.A. SMITH, SBN 247866
  ksmith@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
MICHAEL HOLECEK, SBN 281034
  mholecek@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

MEGAN COONEY, SBN 295174
  mcooney@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone: 949.451.3800
Facsimile:  949.451.4220

Attorneys for Defendants AMAZON.COM, INC. and
AMAZON LOGISTICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY DIAZ, EMANUEL ADAMSON, JUAN MANUEL ALVAREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a Delaware corporation with its principal place of business in Washington, AMAZON LOGISTICS, INC., a Delaware corporation with its principal place of business in Washington, and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO.   3:20-cv-07792<br><br>**DEFENDANTS AMAZON.COM, INC.'S AND AMAZON LOGISTICS, INC.'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>(Alameda County Superior Court Case No. RG20072092)<br><br>Action Filed:  August 21, 2020<br>Trial Date:     None Set |

# TABLE OF CONTENTS

Page

I. TIMELINESS OF REMOVAL .................................................................................................. 1

II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL............................... 1

    A. The Proposed Class Consists of More than 100 Members ............................................ 3

    B. Amazon and Plaintiffs Are Not Citizens of the Same State............................................ 3

    C. The Amount In Controversy Exceeds $5 Million ........................................................... 4

        1. Plaintiffs' Claim for Alleged Violation of Labor Code Section 226 Alone Places Nearly $5 Million in Controversy .................................................. 6

        2. Plaintiffs' Request for Waiting Time Penalties Places An Additional $1.4 Million In Controversy .................................................................................. 8

        3. Plaintiffs' Request for Attorneys' Fees Places Nearly $1.5 Million More In Controversy .................................................................................. 10

        4. In Total, Just Two of Plaintiffs' Nine Causes of Action, Including Attorneys' Fees, Places At Least $7.3 Million In Controversy ...................... 11

III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER ................................. 11


# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arias v. Residence Inn by Marriott*,
  936 F.3d 920 (9th Cir. 2019) ................................................................................................5, 6, 10

*Ayala v. Cox Auto., Inc.*,
  2016 WL 6561284 (C.D. Cal. Nov. 4, 2016) ..............................................................................4

*Barcia v. Contain-A-Way, Inc.*,
  2009 WL 587844 (S.D. Cal., Mar. 6, 2009) .............................................................................10

*Campbell v. Vitran Exp., Inc.*,
  471 F. App'x 646 (9th Cir. 2012) ...............................................................................................5

*Crummie v. CertifiedSafety, Inc.*,
  2017 4544747 (N.D. Cal. Oct. 11, 2017) ................................................................................8, 9

*Dart Cherokee Basin Op. Co. v. Owens*,
  574 U.S. 81 (2014) ..............................................................................................................4, 5, 6

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ..................................................................................................10

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010) ......................................................................................................................4

*Kantor v. Wellesley Galleries, Ltd.*,
  704 F.2d 1088 (9th Cir. 1983) ....................................................................................................4

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*,
  199 F. Supp. 2d 993 (C.D. Cal. 2002) ........................................................................................5

*Korn v. Polo Ralph Lauren Corp.*,
  536 F. Supp. 2d 1199 (E.D. Cal. 2008) ......................................................................................5

*LaCross v. Knight Transp. Inc.*,
  775 F.3d 1200 (9th Cir. 2015) ....................................................................................................5

*Lewis v. Verizon Commc'ns, Inc.*,
  627 F.3d 395 (9th Cir. 2010) ......................................................................................................5

*Mamika v. Barca*,
  68 Cal. App. 4th 487 (1998) .......................................................................................................8

*Marentes v. Key Energy Servs. Cal., Inc.*,
  2015 WL 756516 (E.D. Cal. Feb. 23, 2015) ..............................................................................8

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Mays v. Wal-Mart Stores, Inc.*,
    804 F. App'x 641 (9th Cir. Mar. 17, 2020)...................................................................7

*Mejia v. DHL Express (USA), Inc.*,
    2015 WL 2452755 (C.D. Cal. May 21, 2015) ..............................................................7

*Pineda v. Bank of Am., N.A.*,
    50 Cal. 4th 1389 (2010) ................................................................................................9

*Rippee v. Boston Mkt. Corp.*,
    408 F. Supp. 2d 982 (S.D. Cal. 2005) ..........................................................................5

*Salter v. Quality Carriers, Inc.*,
    974 F.3d 959 (9th Cir. 2020).....................................................................................5, 6

*Soto v. Tech Packaging, Inc.*,
    2019 WL 6492245 (C.D. Cal. Dec. 3, 2019) ................................................................7

*State Farm Mut. Auto Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994)........................................................................................4

*Std. Fire Ins. Co. v. Knowles*,
    568 U.S. 588 (2013)......................................................................................................5

*Tajonar v. Echosphere, L.L.C.*,
    2015 WL 4064642 (S.D. Cal. July 2, 2015) .................................................................8

**Statutes**

28 U.S.C. § 84(c) ...................................................................................................................12

28 U.S.C. § 1332 ............................................................................................................ *passim*

28 U.S.C. § 1441 ..........................................................................................................1, 2, 12

28 U.S.C. § 1446 ...............................................................................................................1, 12

28 U.S.C. § 1453 ...............................................................................................................1, 12

28 U.S.C. § 1711 .......................................................................................................................1

Cal. Civ. Proc. Code § 340(a) ...................................................................................................7

Cal. Civ. Proc. Code § 382.....................................................................................................2, 9

Cal. Lab. Code § 201.................................................................................................................8

**TABLE OF AUTHORITIES**
(continued)

Page(s)

Cal. Lab Code § 202................................................................................................................8

Cal. Lab Code § 203.............................................................................................................8, 9

Cal. Lab. Code § 226...........................................................................................................6, 7

**Other Authorities**

https://flex.amazon.com/faq ......................................................................................................9

https://www.dir.ca.gov/dlse/faq_minimumwage.htm ...............................................................9

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
2  DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

3  **PLEASE TAKE NOTICE THAT**, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711, Defendants Amazon.com, Inc. and Amazon Logistics, Inc. hereby remove to the United States District Court for the Northern District of California the above-captioned state court action, originally filed as Case No. RG20072092 in Alameda County Superior Court, State of California.  Removal is proper on the following grounds:

### I.     TIMELINESS OF REMOVAL

1.     Plaintiffs Ricky Diaz, Emanuel Adamson, Juan Manuel Alvarez (collectively, "Plaintiffs") filed a putative Class Action Complaint against Amazon.com, Inc. ("Amazon.com") and Amazon Logistics, Inc. ("Amazon Logistics") (collectively, "Amazon") in Alameda Superior Court, State of California, Case No. RG20072092 on August 21, 2020.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Class Action Complaint, (c) Civil Case Cover Sheet, (d) Notice of Hearing, (e) Notice of Service of Process, (f) Minutes from Complex Determination Hearing, (g) Order on Complex Designation, (h) Proof of Service of Summons on Amazon.com, Inc., (i) Proof of Service of Summons on Amazon Logistics, Inc., and (j) Specially Appearing Defendants Amazon.com, Inc.'s and Amazon Logistics, Inc.'s Statement Regarding Case Management Conference are attached as Exhibits A–J to the Declaration of Katherine V.A. Smith ("Smith Decl.") filed concurrently here.

2.     According to the proof of service filed by Plaintiffs with the Alameda County Superior Court, Plaintiffs personally served Amazon.com, Inc. and Amazon Logistics, Inc. through their registered agents for service of process on October 6, 2020.  *See* Smith Decl. ¶¶ 10–11, Exs. H–I. Consequently, service was completed on October 6, 2020.  This notice of removal is timely because it is filed within 30 days after service was completed.  28 U.S.C. § 1446(b).

### II.    SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3.     Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against Amazon pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely California Code of Civil Procedure § 382, authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Smith Decl. Ex. B, Compl. ¶ 58.

5. Plaintiffs ask the Court to determine that "this action may proceed and be maintained as a class action." Smith Decl. Ex. B, Compl., Prayer for Relief. They seek to represent "Plaintiffs and all other California residents who are or have been employed by [Amazon.com and Amazon Logistics] and/or its predecessor or merged entities in California as workers or in any similar capacity, who signed independent contractor agreements with [Amazon.com and Amazon Logistics], and who were classified as independent contractors during the Class Period." *Id.* ¶ 58.

6. In their Complaint, Plaintiffs allege nine causes of action against Amazon: (1) Failure to Pay Separately and Hourly for Nonproductive Time; (2) Failure to Provide Paid Rest Breaks and Paid Missed Rest Break Premiums, (3) Failure to Provide Off-Duty Meal Breaks and Failure to Pay Missed Meal Break Premiums, (4) Failure to Reimburse Business Expenses, (5) Unlawful Deductions from Pay, (6) Failure to Pay All Wages Within A Timely Manner, (7) Failure to Provide Complete Wage Statements, (8) Waiting Time Penalties for Failure to Pay Wages Due on Termination, and (9) Unfair Competition Law Violations.

7. Among other things, Plaintiffs allege that putative class members are entitled to unpaid wages, premiums for missed meal and rest breaks, restitution, interest, and attorneys' fees and costs. Smith Decl. Ex. B, Compl., Prayer for Relief.

8. Removal of a class action is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.

9. Amazon denies any liability in this case, both as to Plaintiffs' individual claims and as to the claims they seek to pursue on behalf of a class. Amazon also intends to oppose class certification and believes that class treatment is inappropriate under these circumstances in part because there are

many material differences between the named Plaintiffs and the putative class members Plaintiffs seek to represent. Amazon expressly reserves all rights, including to oppose class certification and to contest the merits and propriety of all claims asserted in the Complaint. However, for purposes of the jurisdictional requirements for removal only, the allegations in Plaintiffs' Complaint identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6).

**A.     The Proposed Class Consists of More than 100 Members**

10.     Based on Plaintiffs' allegations, this action satisfies CAFA's requirement that the putative class contains at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

11.     Plaintiffs' proposed class consists of "Plaintiffs and all other California residents who are or have been employed by [Amazon.com and Amazon Logistics] and/or its predecessor or merged entities in California as workers or in any similar capacity, who signed independent contractor agreements with [Amazon.com and Amazon Logistics], and who were classified as independent contractors during the Class Period." Smith Decl., Ex. B, Compl. ¶ 58. Plaintiffs therefore seek to represent a class comprised of other independent contractors who, like Plaintiffs, contracted with Amazon to provide delivery services through the Amazon Flex Program. *E.g., id.* ¶ 15–16. These independent contractor workers are known as Delivery Partners ("DPs"). Declaration of Alexa Harwysz ("Harwysz Decl.") ¶ 3. According to Amazon's records, there were at least 10,000 individuals who had active contracts with Amazon to provide delivery services through the Amazon Flex Program as independent contractors in California between August 21, 2019 and August 21, 2020. *Id.* ¶ 5.

12.     Accordingly, while Amazon denies that class treatment is permissible or appropriate, the proposed class consists of more than 100 members.

**B.     Amazon and Plaintiffs Are Not Citizens of the Same State**

13.     Under CAFA's minimum diversity of citizenship requirement, the plaintiff or any member of the putative class must be a citizen of a different state from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

14. A person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). According to the information Plaintiffs have provided to Amazon, they all currently reside in California and have California driver's licenses. Harwysz Decl. ¶ 4. Plaintiffs are therefore considered citizens of California for purposes of removal. *See Ayala*, 2016 WL 6561284, at *4.

15. A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Amazon.com is a Delaware corporation with its principal place of business in Washington. Harwysz Decl. ¶ 2. Amazon Logistics is a Delaware corporation with its principal place of business in Washington. *Id.* The Supreme Court has interpreted the phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) & (d)(2)(A) to mean "the place where a corporation's officers direct, control, and coordinate the corporation's activities," *i.e.*, its "nerve center," which "should normally be the place where the corporation maintains its headquarters, provided that the headquarters is the actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). Amazon.com, Inc's and Amazon Logistics, Inc.'s headquarters, which are located in Washington, constitute their "nerve center[s]" under the test adopted in *Hertz* because their high-level officers oversee each corporation's activities from that state. *See* Harwysz Decl. ¶ 2. As such, Amazon.com, Inc. and Amazon Logistics, Inc. are citizens of Delaware and Washington. *See* 28 U.S.C. § 1332(c)(1).

16. Accordingly, Plaintiffs and Amazon are citizens of different states and CAFA's minimal diversity requirement is met. 28 U.S.C. § 1332(d)(2)(A).

**C.   The Amount In Controversy Exceeds $5 Million**

17. CAFA requires that the amount in controversy in a class action exceed $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). In calculating the amount in controversy, a court must aggregate the claims of all individual class members. 28 U.S.C. § 1332(d)(6).

18. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co. v. Owens*,

574 U.S. 81, 89 (2014). To satisfy this burden, a defendant may rely on a "chain of reasoning" that is based on "reasonable assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[I]n *Arias* we held that a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements," quotations and citations omitted). That is because "[t]he amount in controversy is simply an estimate of the total amount in disputes, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87. Importantly, Plaintiffs seeking to represent a putative class cannot "bind the absent class" through statements aimed to limit their recovery in an effort to "avoid removal to federal court." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013).

19. Moreover, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

20. Although Amazon denies that Plaintiffs' claims have any merit, for the purposes of meeting the jurisdictional requirements for removal *only*, if Plaintiffs were to prevail on every claim and allegation in their Complaint on behalf of the putative class, the requested monetary recovery would exceed $5 million.

21. Amazon reserves the right to present evidence establishing the amount placed in controversy by each of Plaintiffs' claims should Plaintiffs challenge whether the jurisdictional amount-

in-controversy threshold is satisfied.  *See Dart Cherokee*, 574 U.S. at 87–89; *see also Salter*, 974 F.3d at 964 (holding that only a "factual attack" that "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings" requires the removing defendant to "support her jurisdictional allegations with competent proof," quotations and citations omitted).  "[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are met."  *Arias*, 936 F.3d at 924.  But for present purposes, it is sufficient to note that Plaintiffs' claims regarding inaccurate wage statements and waiting time penalties place more than $5 million in controversy.

        **1.**     **Plaintiffs' Claim for Alleged Violation of Labor Code Section 226 Alone Places Nearly $5 Million in Controversy**

22.    Plaintiffs allege in their Seventh Cause of Action that Amazon failed to provide Plaintiffs and putative class members with "'wage statements' [that] include[d] total hours worked, the total amount of time spent on rest periods & other nonproductive tasks, and all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate."  Smith Decl., Ex. B, Compl. ¶ 108.  On this ground, Plaintiffs seek, among other things, "an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiffs and per every [putative class] member" under Labor Code section 226.  *Id.*, Compl. ¶ 110.

23.    Under section 226(e)(1), an employee suffering injury as a result of an intentional failure to comply with section 226(a) is entitled to "recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."  Cal. Lab. Code § 226(e)(1).

24.    Amazon denies that any such penalties are owed to Plaintiffs or putative class members.  However, for purposes of this jurisdictional analysis *only*, Amazon relies on Plaintiffs' allegations that the penalties are owed.  Plaintiffs allege that Amazon "ha[s] not and do[es] not" provide accurate wage statements because of its alleged underlying failures to provide compensation for "Nonproductive

times, and time spent on rest periods." Smith Decl., Ex. B, Compl. ¶ 43; *see also id.* ¶¶ 37, 40, 107–108. Plaintiffs' wage statement claim is therefore entirely derivative of their other claims for unpaid wages, including nonproductive time and other premium wages. Plaintiffs allege that "due to [Amazon's] misclassification of Plaintiffs, and [putative] Class Members as independent contractors" they "were not paid for non-productive time" and Amazon "did not maintain a policy" providing for proper rest breaks. *See id.* ¶¶ 37, 39–40. Based on those allegations, it is reasonable to assume for the purposes of this jurisdictional analysis only, that all class members received inaccurate wage statements each pay period. *See Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *5 (C.D. Cal. May 21, 2015) (concluding it is appropriate to use 100% violation rate for wage statement claim where the claim is derivative); *Soto v. Tech Packaging, Inc.*, 2019 WL 6492245, at *7 (C.D. Cal. Dec. 3, 2019).[1]

25. During the one-year period prior to the filing of the Complaint[2], there were at least 10,000 DPs in California with active contracts to perform delivery services over more than an aggregate of 100,000 weekly periods. Harwysz Decl. ¶ 5. During this time, it was Amazon's practice to pay DPs twice each week for services performed. *Id*. Even if there were only 48,000 inaccurate wage statements—less than 25% of the more than 200,000 potential wage statements—Plaintiffs' wage statement claim would place nearly $5 million in controversy. Based on this very conservative estimate, and on Plaintiffs' allegations, the amount in controversy with respect to Plaintiffs' Seventh Cause of Action alone is approximately **$4.4 million**, calculated as follows:

| | |
|---|---|
| Penalty for initial pay period for 8,000 of the more than 10,000 DPs (8,000 initial pay periods x $50): | $400,000 |
| Penalty for 40,000 subsequent pay periods (40,000 subsequent pay periods x $100): | $4,000,000 |
| Conservative amount in controversy for section 226 claim, based on Plaintiffs' allegations: | **$4,400,000** |

26. The amount in controversy alleged by Plaintiffs on this claim alone nearly meets the $5 million requirement and is based on a conservative estimate of the number of DPs in the class period and the alleged number of pay periods worked by those DPs.

---

[1] Amazon does not concede that penalties under § 226 are recoverable for an entirely derivative theory like the one Plaintiffs advance here. *See Mays v. Wal-Mart Stores, Inc.*, 804 F. App'x 641, 643 (9th Cir. Mar. 17, 2020).

[2] The statute of limitations for this claim is one year. Cal. Civ. Proc. Code § 340(a).

**2.      Plaintiffs' Request for Waiting Time Penalties Places An Additional $1.4 Million In Controversy**

27.     Plaintiffs also allege that they and other putative class members who stopped working with Amazon are entitled to recover "waiting time penalties" pursuant to Labor Code section 203. *See* Smith Decl., Ex. B, Compl. ¶¶ 111–116.

28.     If an employer willfully fails to pay all wages due to an employee at the time of termination, as required by Labor Code Section 201, or within 72 hours after resignation, as required by Labor Code Section 202, then the wages "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced," for up to a maximum of 30 calendar days. Cal. Lab. Code § 203. An employer may not be liable for these penalties if a good faith dispute exists as to whether the wages are owed.

29.     To calculate waiting time penalties, the employee's daily rate of pay is multiplied by a maximum of 30 days, depending on the length of delay in receipt of wages. *See Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998) (holding that the waiting time penalty is "equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days" and noting that the "critical computation" is "the calculation of a daily wage rate, which can then be multiplied by the number of days of nonpayment, up to 30 days"); *Tajonar v. Echosphere, L.L.C.*, 2015 WL 4064642, at *4 (S.D. Cal. July 2, 2015) (same). Where final "wages [due] are alleged to have not been paid, the full thirty-days may be used for each of the putative class members." *Marentes v. Key Energy Servs. Cal., Inc.*, 2015 WL 756516, at *9 (E.D. Cal. Feb. 23, 2015); *see also Crummie v. CertifiedSafety, Inc.*, 2017 4544747, at *3 (N.D. Cal. Oct. 11, 2017) (where plaintiffs alleges "putative class members were owed (and are still owed)" wages, it is "completely reasonable to assume waiting time penalties accrued to the thirty-day limit").

30.     Amazon denies that any such penalties are owed to Plaintiffs or any putative class members. However, for purposes of this jurisdictional analysis *only*, Amazon relies on Plaintiffs' allegations that the penalties are owed. Plaintiffs allege that Amazon "willfully failed to pay . . . for their time spent on statutory rest breaks and the other Nonproductive times prior to or upon termination or separation from employment with [Amazon] as required by" Labor Code sections 201 and 202.

Gibson, Dunn & Crutcher LLP

8
NOTICE OF REMOVAL OF CLASS ACTION – CASE NO. 3:20-cv-07792

Smith Decl., Ex. B, Compl. ¶ 115. Plaintiffs' claim is therefore derivative of their other unpaid wage claims. They further allege that Amazon is "liable to Plaintiffs and other [class] members . . . for waiting time penalties amounting to thirty (30) days wages" under Labor Code section 203. *Id.* ¶ 116. Based on these allegations, it is reasonable to assume that each putative class member is entitled to the thirty days' wages. *See Crummie*, 2017 4544747, at *3.

31. There were at least 10,000 DPs in California between August 21, 2019 and August 21, 2020. Harwysz Decl. ¶ 5. Of those individuals, at least 4,000 offboarded from the Amazon Flex platform and ceased performing delivery services for Amazon during that same time period. *Id.* ¶ 5.[3]

32. From January 1, 2019 to December 31, 2019, the state minimum wage was $12.00 per hour. *See* https://www.dir.ca.gov/dlse/faq_minimumwage.htm. Although the minimum wage increased on January 1, 2020, Amazon conservatively assumes that each DP would be entitled to waiting time penalties based on an hourly rate of pay of $12.00.

33. If, as Plaintiffs allege, DPs who ceased performing delivery services for Amazon during the year before Plaintiffs filed the Complaint were owed wages and did not receive them, the amount in controversy with respect to the waiting time penalties claim for these individuals alone would be approximately **$1.44 million**, calculated as follows:

| $12.00 hourly rate x 1 hour per day:[4] | $12.00 daily rate |
| --- | --- |
| $12 x 30 days maximum penalty: | $360 per DP |
| Amount in controversy for waiting time penalties, based on Plaintiffs' allegations ($360 x 4,000 DPs): | **$1,440,000** |

34. Accordingly, Plaintiffs' claim for waiting time penalties due to unpaid wages places an additional $1.44 million in controversy. Taken together, Plaintiffs' claims for inaccurate wage statements and waiting time penalties place at least $5.84 million in controversy, thus exceeding CAFA's $5 million threshold.

---

[3] The statute of limitations for an action under Labor Code § 203 is three years, so the actual amount placed in controversy by this claim is higher. Cal. Civ. Proc. Code § 338(a); Cal. Lab. Code § 203(b); *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1397 (2010).

[4] This is a conservative estimate based on the fact that delivery blocks are typically 2 to 6 hours. *See* https://flex.amazon.com/faq.

### 3. Plaintiffs' Request for Attorneys' Fees Places Nearly $1.5 Million More In Controversy

35.     Plaintiffs also explicitly seek attorneys' fees should they recover under for any of the claims in this action. *See* Smith Decl., Ex. B., Compl., Prayer For Relief ¶¶ 2, 8–9. Prospective attorneys' fees are properly included in the amount in controversy for purposes of evaluating CAFA jurisdiction. *See Arias*, 936 F.3d at 922 ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy"). Under the Ninth Circuit's well-established precedent, 25% of the common fund is generally used as a benchmark for an award of attorney fees. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Barcia v. Contain-A-Way, Inc.*, 2009 WL 587844, at *5 (S.D. Cal., Mar. 6, 2009) ("In wage and hour cases, '[t]wenty-five percent is considered a benchmark for attorneys' fees in common fund cases.'").

36.     Here, Amazon has established that the total amount in controversy is at least **$5.84 million** based on Plaintiffs' wage statement and waiting time penalty claims, and Plaintiffs have not indicated that they will seek less than 25% of a common fund in attorneys' fees. *See* Smith Decl., Ex. B., Compl., Prayer For Relief ¶¶ 2, 8–9 (seeking attorneys' fees). Although Amazon has shown that the amount in controversy absent attorneys' fees surpasses the jurisdictional threshold, this Court should nevertheless include the potential attorneys' fees in evaluating jurisdiction. *Arias*, 936 F.3d at 922. Amazon denies that any such attorneys' fees are owed to Plaintiffs or putative class members. However, for purposes of this jurisdictional analysis only, Amazon relies on Plaintiffs' allegations that the attorneys' fees are owed.

37.     Using a twenty-five percent benchmark figure for attorneys' fees for Plaintiffs' allegations regarding their wage statement and waiting time penalty claims results in estimated attorney's fees of approximately **$1.46 million**, calculated as follows:

| Conservative Estimate of Amount in Controversy from Wage Statement and Waiting Time Penalties Claims: | $5,840,000 |
|---|---|
| Attorneys' Fees Benchmark: | 25% |
| Attorneys' Fees: | **$1,460,000** |

**4.   In Total, Just Two of Plaintiffs' Nine Causes of Action, Including Attorneys' Fees, Places At Least $7.3 Million In Controversy**

38.   Plaintiffs' allegations regarding Amazon's alleged failure to provide accurate wage statements and to timely pay wages or waiting time penalties place $5.84 million in controversy and Plaintiffs' request for attorneys' fees places an additional $1.46 million in controversy. In total, this means that Plaintiffs' Complaint conservatively places at least **$7.3 million** in controversy.

39.   These figures are under-inclusive of the actual amount in controversy because they are based on conservative assumptions about Plaintiffs' putative class allegations, including regarding the size of the putative class and the rate of which the alleged Labor Code violations occurred, and do not account for, among other things, any recovery sought for failure to pay separately and hourly for nonproductive time (First Cause of Action), failure to provide paid rest breaks and pay missed rest break premiums (Second Cause of Action), failure to provide off-duty meal breaks and failure to pay missed meal break premiums (Third Cause of Action), failure to reimburse business expenses (Fourth Cause of Action), unlawful deductions from pay (Fifth Cause of Action), failure to pay all wages within a timely manner (Sixth Cause of Action), or Unfair Competition Law violations (Ninth Cause of Action).

40.   Plaintiffs' allegations therefore place more than the requisite $5 million in controversy. The jurisdictional amount in controversy requirement is met, and removal to this Court is proper under CAFA.

**III.   THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

41.   Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

a)   This is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

b)   The action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B);

c)   The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2); and

        d)     At least one member of the putative class is a citizen of a state different from that of any defendant as required by § 1332(d)(2)(A).

Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

42.     The United States District Court for the Northern District of California is the federal judicial district in which the Alameda County Superior Court sits.  This action was originally filed in Alameda County Superior Court, rendering venue in this federal judicial district proper.  28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

43.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Class Action Complaint, (c) Civil Case Cover Sheet, (d) Notice of Hearing, (e) Notice of Service of Process, (f) Minutes from Complex Determination Hearing, (g) Order on Complex Designation, (h) Proof of Service of Summons on Amazon.com, Inc., (i) Proof of Service of Summons on Amazon Logistics, Inc., and (j) Specially Appearing Defendants Amazon.com, Inc.'s and Amazon Logistics, Inc.'s Statement Regarding Case Management Conference are attached as Exhibits A–J to the Declaration of Katherine V.A. Smith, filed concurrently here.  These filings constitute the complete record of all records and proceedings in the state court.

44.     Upon filing the Notice of Removal, Amazon will furnish written notice to Plaintiffs' counsel, and will file and serve a copy of this Notice with the Clerk of the Alameda County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Dated: November 4, 2020

                           KATHERINE V.A. SMITH
                           BRADLEY J. HAMBURGER
                           MICHAEL HOLECEK
                           MEGAN COONEY
                           GIBSON, DUNN & CRUTCHER LLP

By:  *s/ Katherine V.A. Smith*
               Katherine V.A. Smith

Attorneys for Defendants AMAZON.COM, INC. and AMAZON LOGISTICS, INC.