22728532

F I L E D
ALAMEDA COUNTY

AUG 21 2020

CLERK OF THE SUPERIOR COURT
BY_____
                      Deputy

**POTTER HANDY LLP**
Mark D. Potter (SBN 166317)
mark@potterhandy.com
James M. Treglio (SBN 228077)
jimt@potterhandy.com
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385
Fax: (888) 422-5191

Attorneys for Plaintiffs and Class

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

RICKY DIAZ, EMANUEL ADAMSON,
JUAN MANUEL ALVAREZ, individually
and on behalf of all others similarly situated,

            Plaintiffs,

v.

AMAZON.COM, INC., a Delaware
corporation with its principal place of business
in Washington, AMAZON LOGISTICS, INC.,
a Delaware corporation with its principal place
of business in Washington, and DOES 1 to
100, inclusive

            Defendants.

CASE NO: RG20072092

**CLASS ACTION COMPLAINT FOR**

**(1) FAILURE TO PAY SEPARATELY AND
HOURLY FOR REST PERIODS AND
NONPRODUCTIVE TIME (LABOR CODE
§§ 1194, 1194.2);**
**(2) FAILURE TO PROVIDE PAID REST
BREAKS AND PAY MISSED REST BREAK
PREMIUMS (LABOR CODE §§ 226.7; IWC
WAGE ORDER NO. 9);**
**(3) FAILURE TO PROVIDE MEAL
PERIODS AND PAY MISSED MEAL
PERIOD PREMIUMS (LABOR CODE §§
226.7, 512, IWC WAGE ORDER NO. 9);**
**(4) FAILURE TO REIMBURSE BUSINESS
EXPENSES (LABOR CODE § 2802);**
**(5) UNLAWFUL DEDUCTIONS FROM PAY
(LABOR CODE §§ 221, 223, 400-410);**
**(6) FAILURE TO PAY ALL WAGES OWED
IN A TIMELY MANNER (LABOR CODE
§204);**
**(7) FAILURE TO PROVIDE COMPLETE
WAGE STATEMENTS (LABOR CODE §
226 AND 226.3);**
**(8) WAITING TIME PENALTIES (LABOR
CODE § 201 – 203); AND**
**(9) UCL VIOLATIONS (BUS. & PROF.
CODE §§ 17200-17204);**
**DEMAND FOR JURY TRIAL**

1          Plaintiffs Ricky Diaz ("Diaz"), Emmanuel Adamson ("Adamson"), and Juan Manuel

2 Alvarez ("Alvarez") (collectively, "Plaintiffs"), on behalf of themselves, and all others similarly

3 situated (hereinafter "Class Members") complains and alleges as follows:

4                                 **OVERVIEW OF CLAIMS**

5       1.      Plaintiffs bring this action on behalf of themselves and all others similarly situated,

6 as a class action, and on behalf of the California general public, against Defendants Amazon.com,

7 Inc. ("Amazon"), Amazon Logistics, Inc. ("Amazon Logistics"), and DOES 1 to 100 (collectively

8 "Defendants") for their (1) failure to pay Plaintiffs in California separately and on an hourly basis

9 for their time spent taking their statutory rest periods and their other non-productive time; (3)

10 failure to provide Plaintiffs paid rest breaks and pay rest break premiums; (4) failure to provide

11 Plaintiffs meal periods and pay missed meal period premiums; (5) failure to reimburse Plaintiffs

12 business expenses; (6) unlawful deductions from pay; (7) failure to pay all wages owed in a timely

13 manner; (8) failure to provide complete wage statements to Plaintiffs within the one year prior to

14 the filing of this Complaint; (9) failure to pay all wages due to former employees based on the

15 foregoing; and (10) unfair business practices based on the foregoing. As a result of the foregoing,

16 Defendants have violated California statutory laws as described below.

17

18                                      **VENUE**

19       2.      Venue is proper in this county under section 395.5 of the California Code of Civil

20 Procedure. Many, if not all, of the putative Class Members were employed and/or performed work

21 during the Class Period by Defendants in Alameda County. Many of the acts alleged herein

22 including Defendant's failure to pay separately and hourly for non-productive tasks, unlawful

23 deductions from pay, failure to provide Labor Code complaint paid meal and rest periods and pay

24 missed meal period and rest break premiums, and failure to reimburse newspaper carriers for their

25 business expenses, occurred in Alameda County. Venue is therefore proper in Alameda County.

26                                  **JURISDICTION**

27       3.      Defendants are within the jurisdiction of this Court. Defendants runs a mobile

28

1   phone application that offers various delivery opportunities throughout the State of California,

2   including in the County of Alameda.  Thus, Defendants have obtained the benefits of the laws of

3   the State of California.  In addition, Plaintiffs assert no claims arising under federal law.  Rather,

4   Plaintiffs bring causes of action based solely on, and arising from, California law.  The claims of

5   the Class are also based solely on California law described herein.

6                                   **THE PARTIES**

7   **A.      The Plaintiffs**

8           4.      Plaintiffs began their employments with Defendants when they, like the other Class

9   Members were hired as workers, in which they, and the other Class Members were tasked to

10  provide the Services to Defendants' customers. Plaintiffs were not paid by Defendants for their time

11  spent on statutory rest periods and the other non-productive tasks; did not receive premium

12  payments for having been provided only unpaid rest periods; were not provided timely duty free

13  meal breaks or paid missed meal break premiums; had unlawful deductions made to their

14  compensation; were not provided accurate and/or complete wage statements; were not reimbursed

15  for all expenses for work purposes, and other business expenses; were not paid all wages owed

16  within seven days of the close of payroll; and, did not receive all of their wages due upon

17  termination of employment.

18          5.      By way of this action, Plaintiffs also seek to represent the following Classes:

19  (a) Plaintiffs and all other California residents who are or have been employed by
20  Amazon and/or its predecessor or merged entities in California as workers or in any
    similar capacity, who signed independent contractor agreements with Amazon, and who
21  were classified as independent contractors during the Class Period (hereinafter referred
    to as "Amazon Class");

22  (b) Plaintiffs and all other California residents who are or were employed by Amazon
23  Logistics and/or its predecessor or merged entities in California, as workers or in any
    similar capacity, who signed independent contractor agreements with Amazon
24  Logistics, and who were classified as independent contractors during the Class Period
25  (hereinafter referred to as "Amazon Logistics Class");

26          6.      Collectively, the Amazon Class, and the Amazon Logistics Class are referred to as

27  the "Class", and the members are referred to herein as the "Class Members." Plaintiffs is informed

28  and believes that Amazon and Amazon Logistics all jointly and severably employed Plaintiffs and

1    the Class Members.

2        7.      Further, while each Plaintiff and Class Member have signed arbitration agreements

3 with the Defendants, the First Circuit Court of Appeals in *Waithaka v. Amazon.com, Inc.*, No. 19-

4 1848, 2020 WL 4034997 (1st Cir. July 17, 2020), has held that Plaintiffs and the Class Members

5 are transportation workers in interstate commerce for purposes of the Federal Arbitration Act, and

6 are thus cannot be compelled into arbitration. "Waithaka and other last-mile delivery workers who

7 haul goods on the final legs of interstate journeys are transportation workers "engaged in ...

8 interstate commerce," regardless of whether the workers themselves physically cross state

9 lines. By virtue of their work transporting goods or people "within the flow of interstate

10 commerce," *see Circuit City*, 532 U.S. at 118, 121 S.Ct. 1302, Waithaka and other AmFlex

11 workers are "a class of workers engaged in ... interstate commerce." Accordingly, the FAA does

12 not govern this dispute, and it provides no basis for compelling the individual arbitration required

13 by the dispute resolution section of the Agreement at issue here." *Id.* at *11.

14 **B.**     **The Defendants**

15        8.      Defendant Amazon.com, Inc., is a Delaware corporation headquartered in Seattle,

16 Washington According to its website, https://www.amazon.com, "Amazon is guided by four

17 principles: customer obsession rather than competitor focus, passion for invention, commitment to

18 operational excellence, and long term thinking." Amazon Flex runs a mobile phone application

19 that offers various delivery opportunities. Drivers can pick up packages from an Amazon delivery

20 station or local stores and deliver these items directly to customers ("Services"). Defendants

21 contract with workers, such as Plaintiffs, to provide the Services to those customers. It operates in

22 various cities throughout the United States, including in the State of California.

23        9.      Defendant Amazon Logistics, Inc., is a wholly owned subsidiary of Amazon.com,

24 Inc., and is equally based in Washington State. Amazon Logistics contracts with drivers, like the

25 Plaintiffs, to provide last mile delivery services for Defendants and Defendants' customers.

26        10.      The true names and capacities, whether individual, corporate, associate, or

27 otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to

28

1    Plaintiffs, who therefore sues Defendants by such fictitious names under Code of Civil Procedure §

2    474. Plaintiffs is informed and believes, and based thereon alleges, that each of the Defendants

3    designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to

4    herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and

5    capacities of the Defendants designated hereinafter as DOES when such identities become known.

6         11.    Plaintiffs is informed and believes, and based thereon alleges, that each Defendant

7    acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint

8    scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are

9    legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the

10   employer and/or joint employer of Plaintiffs and the other Class Members.

11        12.    California courts have recognized that the definition of "employer" for purposes of

12   enforcement of the California Labor Code goes beyond the concept of traditional employment to

13   reach irregular working arrangements for the purpose of preventing evasion and subterfuge of

14   California's labor laws. *Martinez v. Combs* (2010) 49 Cal. 4th 35, 65. As such, anyone who

15   directly or indirectly, or through an agent or any other person, engages, suffers, or permits any

16   person to work or exercises control over the wages, hours, or working conditions of any person,

17   may be liable for violations of the California Labor Code as to that person. Cal. Labor Code §§558

18   and 558.1.

19        13.    California law also permits and recognizes the piercing of a corporate veil between

20   sister companies and under the single enterprise rule. *Hasso v. Hapke* (2014) 227 Cal. App. 4th

21   107, 155; *Greenspan v. LADT, LLC* (2010) 191 Cal. App. 4th 486, 512. The single enterprise rule

22   applies where "there are two or more personalities, there is but one enterprise; and that this

23   enterprise has been so handled that it should respond, as a whole, for the debts of certain

24   component elements of it." *Hasso* 227 Cal. App. 4th at 155; *Greenspan*, 191 Cal. App. 4th at 512.

25        14.    Accordingly, all Defendants engaged, suffered and permitted Plaintiffs and the

26   Class Members to perform services from which they benefitted. Moreover, the aforementioned

27   entities had the right to exercise control over the wages, hours and/or working conditions over

28

1   Plaintiffs, the Class Members and all Class Members at all relevant times herein, so as to be
2   considered the joint employers of all of the Class Members and Class Members. By reason of their
3   status as joint employers, they are each liable for civil penalties for violation of the California
4   Labor Code as to Plaintiffs, the Class Members, and all Class Members as set forth herein.

5                              **FACTUAL ALLEGATIONS**

6        15.   Defendants own and operate a mobile application called Amazon Flex which offers
7   various delivery opportunities. Drivers can pick up packages from an Amazon delivery station or
8   local stores and deliver these items directly to customers ("Services"). Defendants contract with
9   workers, such as Plaintiffs, to provide the Services to those customers. It operates in various cities
10  throughout the United States, including in the State of California.

11       16.   Plaintiffs began their employments with Defendants when they, like the other Class
12  Members were hired as workers, in which they, and the other Class Members were tasked to
13  provide the Services to Defendants' customers. As workers for Defendants, Plaintiffs and the Class
14  Members are required to comply with terms of service and provide the Services to Defendants'
15  customers and must adhere to standards of conduct. If Plaintiffs and the Class Members fail to
16  comply with these standards of conduct, Plaintiffs and the Class Members' contracts with
17  Defendants can and will be terminated. Plaintiffs and the Class Members were provided with
18  information regarding their assignments via Defendants' mobile phone application. Plaintiffs and
19  the Class Members are paid on a per-job basis, whereby Defendants' customers would post a
20  delivery request and Plaintiffs and the Class Members would then be paid for each delivery made.

21       17.   When Plaintiffs started their employments with Defendants, they, like the other
22  Class Members, were asked to sign agreements with Defendants, stating that they were
23  independent contractors of Defendants and paid wages for the Services performed for Defendants'
24  customers.

25       18.   Recently, the California Supreme Court in *Dynamex Operations West, Inc., v.*
26  *Superior Court* (2018) 4 Cal. 5th 903, 956-958, set forth the standard for determining whether an
27  individual is performing work as an independent contractor or as an employee, as follows:

28

We find merit in the concerns noted above regarding the disadvantages, particularly in the wage and hour context, inherent in relying upon a multifactor, all the circumstances standard for distinguishing between employees and independent contractors. As a consequence, we conclude it is appropriate, and most consistent with the history and purpose of the suffer or permit to work standard in California's wage orders, to interpret that standard as: (1) placing the burden on the hiring entity to establish that the worker is an independent contractor who was not intended to be included within the wage order's coverage; and (2) requiring the hiring entity, in order to meet this burden, to establish *each* of the three factors embodied in the ABC test — namely (A) that the worker is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact; *and* (B) that the worker performs work that is outside the usual course of the hiring entity's business; *and* (C) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed. [Citations]

19.    The standard is commonly referred to as the "ABC test." Under the ABC Test, Defendants have the burden of establishing that Plaintiffs and the Class Members are independent contractors and not intended to be included within the wage order's coverage. Further, Defendants must establish that Plaintiffs, and the Class Members meet all three factors of the ABC Test, which as discussed below, they cannot meet.

20.    Plaintiffs and the Class Members Were Subject to Defendants' Direction and Control: Defendants cannot demonstrate that Plaintiffs, and the Class Members were free from the direction and control of the Defendants. At all times, Defendants retained and retains the right to control the method and manner of how Plaintiffs and Class Members perform their job duties and retained and retains all necessary control over Plaintiffs and the Class Members during their employment. Among other things, Plaintiffs and Class Members are required to follow detailed requirements imposed on them by Defendants governing their interaction with customers.

21.    Thus, Defendants exercised control over Plaintiffs and the Class Members. Indeed, the California Supreme Court in *Ayala v. Antelope Valley Newspapers, Inc.* (2014) 59 Cal. 4th 522, held that the existence of a contract, and its relevant terms was key to determining control.

The trial court here afforded only cursory attention to the parties' written contract, instead concentrating on the particulars of the parties' many declarations and detailing a dozen or so ways in which delivery practices, or Antelope Valley's exercise of control over those practices, varied from carrier to carrier—e.g., whether carriers were instructed on how to fold papers, whether they bagged or "rubber banded" papers, and whether they followed the delivery order on their route lists. In so doing, the court focused on the wrong legal

question—whether and to what extent Antelope Valley exercised control over delivery. But what matters is whether a hirer has the "*legal right* to control the activities of the alleged agent" (*Malloy v. Fong, supra,* 37 Cal.2d at p. 370, 232 P.2d 241, italics added) and, more specifically, whether the extent of such legal right is commonly provable. In cases where there is a written contract, to answer that question without full examination of the contract will be virtually impossible. (See *Tieberg v. Unemployment Ins.App. Bd., supra,* 2 Cal.3d at p. 952, 88 Cal.Rptr. 175, 471 P.2d 975 [written agreements are a "significant factor" in assessing the right to control]; *Grant v. Woods, supra,* 71 Cal.App.3d at p. 653, 139 Cal.Rptr. 533 [**"Written agreements are of probative significance"** in evaluating the extent of a hirer's right to control].) Evidence of variations in how work is done may indicate a hirer has not exercised control over those aspects of a task, but they cannot alone differentiate between cases where the omission arises because the hirer concludes control is unnecessary and those where the omission is due to the hirer's lack of the retained right. That a hirer chooses not to wield power does not prove it lacks power. (*Malloy,* at p. 370, 232 P.2d 241 ["It is not essential that the right of control be exercised or that there be actual supervision of the work of the agent. The existence of the right of control and supervision establishes the existence of an agency relationship."]; *Robinson v. George* (1940) 16 Cal.2d 238, 244, 105 P.2d 914 [absence of evidence a hirer "exercised any particular control over the details" of the work does not show the hirer lacked the right to do so].) One must consider the contract as well.

*Id.* at 534–35. (Emphasis not added).

22.    Thus, as clearly stated in the contracts, Defendants retained and retains the right to control the method and manner of how Plaintiffs and Class Members performed their job duties and retained and retains all necessary control over Plaintiffs and the Class Members during their employment. Among other things, Plaintiffs and the Class Members are required to follow detailed requirements imposed on them by Defendants governing their interaction with customers. Further, Defendants set their compensation. As a result, under applicable law, Plaintiffs and the Class Members were employees of Defendants. *See, e.g. Ayala v. Antelope Valley Newspapers, Inc.* (2014) 59 Cal. 4th 522; *Ruiz v. Affinity Logistics, Corp.,* 754 F.Supp.3d 1093 (9th Cir. 2014) (employer's right to control detail of drivers' work support finding of employer employee relationship); *Alexander v. FedExGround Package System, Inc.* 765 F.Supp.3d 381 (9th Cir. 2014) (driver were employees as a matter of law where FedEx controlled times drivers worked and controlled aspects of when packages would be delivered); *See, also, Taylor v. Shippers Transport Express, Inc.,* 2014 W.L. 7499046 (C.D. Cal. 2014) (finding employee status for drivers as a matter of law); and *Villapando v. Excel Direct, Inc.,* 2015 W.L. 15179486 (N.D. Cal. 2015)

1    (granting summary judgment to Plaintiffs on Defendant's defense that the drivers at issue were

2    independent contractors).

3        23.    Similarly, Defendants retained all necessary control over Plaintiffs and the other

4    Class Members' work. Plaintiffs and the Class Members do not and did not operate distinct

5    businesses, but were integrated into Defendants' business; Defendants closely monitored their

6    work; their jobs did not require substantial skill; Defendants provided the application used by

7    Plaintiffs and the Class Members to perform their job duties; although Defendants pay Plaintiffs

8    and the Class Members piece rate compensation, in fact this payment plan resembles a pay

9    arrangement similar to an employee's pay arrangement; and Plaintiffs and the Class Members have

10   driven for Defendants for years. Under applicable standards of law, Plaintiffs and the Class

11   Members are, or were during their employment by Defendants, were employees and not

12   independent contractors.

13       24.    As such, Defendants kept and maintained control over Plaintiffs and the Class

14   Members throughout their employment, and thus, Defendants cannot meet their burden of proving

15   that Plaintiffs and the Class Members are properly classified as independent contractors for this

16   reason alone. But as seen below, Defendants cannot meet the other two factors either.

17       25.    Plaintiffs and the Class Members Performed Work Within the Usual Course of the

18   Defendants' Business: As described by the Court in *Dynamex,* the work performed within the

19   course of the defendants business is described thusly, "Workers whose roles are most clearly

20   comparable to those of employees include individuals whose services are provided within the

21   usual course of the business of the entity for which the work is performed and thus who would

22   ordinarily be viewed by others as working in the hiring entity's business and not as working,

23   instead, in the worker's own independent business." *Dynamex Operations West v. Superior Court,*

24   *supra,* 4 Cal. 5th at 959. By way of example, the Supreme Court held that:

25           Thus, on the one hand, when a retail store hires an outside plumber to repair a leak in a
             bathroom on its premises or hires an outside electrician to install a new electrical line,
26           the services of the plumber or electrician are not part of the store's usual course of
             business and the store would not reasonably be seen as having suffered or permitted the
27           plumber or electrician to provide services to it as an employee. [citations] On the other
             hand, when a clothing manufacturing company hires work-at-home seamstresses to
28

make dresses from cloth and patterns supplied by the company that will thereafter be sold by the company [citations], or when a bakery hires cake decorators to work on a regular basis on its custom-designed cakes (*cf., e.g., Dole v. Snell* (10th Cir. 1989) 875 F.2d 802, 811), the workers are part of the hiring entity's usual business operation and the hiring business can reasonably be viewed as having suffered or permitted the workers to provide services as employees. In the latter settings, the workers' role within the hiring entity's usual business operations is more like that of an employee than that of an independent contractor.

*Id.* at 959-960.

29.    Here Defendants cannot establish that Plaintiffs and the Class Members perform work outside the Defendants' normal course of business. Plaintiffs and the Class Members were not performing work outside the Defendants' normal course of business, as the Defendants are in the business of providing delivery services to customers, and Plaintiffs and the Class Members provided those services. In fact, Plaintiffs and the Class Members were the personnel of Defendants which provided the "last mile" delivery for Defendants' extensive logistics and delivery systems. As they are intergral to Defendants' operations, they work within the same line of business as Defendants. For this reason alone, Defendants misclassified Plaintiffs and the Class Members.

30.    The Plaintiffs and the Class Members Were Not Customarily Engaged in an Independently Established Trade, Occupation, Or Business of the Same Nature as the Work Performed: As with the A and B of the ABC Test, Defendants cannot establish that Plaintiffs and the Class Members are employees customarily engaged in an independent occupation, or business. As the Supreme Court in *Dynamex* held:

As a matter of common usage, the term "independent contractor," when applied to an individual worker, ordinarily has been understood to refer to an individual who *independently* has made the decision to go into business for himself or herself. [citations] Such an individual generally takes the usual steps to establish and promote his or her independent business—for example, through incorporation, licensure, advertisements, routine offerings to provide the services of the independent business to the public or to a number of potential customers, and the like. When a worker has not independently decided to engage in an independently established business but instead is simply designated an independent contractor by the unilateral action of a hiring entity, there is a substantial risk that the hiring business is attempting to evade the demands of an applicable wage order through misclassification. A company that labels as independent contractors a class of workers who are not engaged in an independently established business in order to enable the company to obtain the economic advantages

that flow from avoiding the financial obligations that a wage order imposes on employers unquestionably violates the fundamental purposes of the wage order. The fact that a company has not prohibited or prevented a worker from engaging in such a business is not sufficient to establish that the worker has independently made the decision to go into business for himself or herself.

*Dynamex Operations W. v. Superior Court*, supra, 4 Cal. 5th at 962.

31.     Here, Plaintiffs and the Class Members were not part of an independent business – they did not provide independent services outside of their work with the Defendants. Nor did Plaintiffs and the Class Members ever solicit Defendants' customers to provide independent services to them. In fact, doing so would most likely violate their agreement with Defendants.

32.     Thus, under the standards of the ABC test, Plaintiffs and the Class Members were clearly employees and not independent contractors. *Dynamex Operations West, Inc., v. Superior Court* (2018) 4 Cal. 5th 903, 956-958; *See, e.g. Ayala v. Antelope Valley Newspapers, Inc.* (2014) 59 Cal. App. 4th   522; *Ruiz v. Affinity Logistics, Corp.*, 754 F.Supp.3d 1093 (9th Cir. 2014) (employer's right to control detail of drivers' work support finding of employer-employee relationship); *Alexander v. FedExGround Package System, Inc.* 765 F.Supp.3d 381 (9th Cir. 2014) (driver were employees as a matter of law where FedEx controlled times drivers worked and controlled aspects of when packages would be delivered); *See, also, Taylor v. Shippers Transport Express, Inc.,* 2014 W.L. 7499046 (C.D. Cal. 2014) (finding employee status for drivers as a matter of law); and *Villapando v. Excel Direct, Inc.,* 2015 W.L. 15179486 (N.D. Cal. 2015) (granting summary judgment to Plaintiffs on Defendant's defense that the drivers at issue were independent contractors).

33.     And because Defendants could not meet any part of the ABC test, it is clear that Defendants intentionally and willfully misclassified Plaintiffs and the Class Members as independent contractors in violation of Labor Code § 226.8(a).

34.     Further, since the start of the Class Period, Plaintiffs and the Class Members, as employees of the Defendants who were misclassified as independent contractors, were subject to self-employment taxes, wherein they were required to pay the Defendants' share of the state and federal payroll taxes. These payroll taxes also represent reasonable and necessary business

1  expenses that Plaintiffs and the Class Members incurred as a necessary part of their employment

2  with the Defendants.

3       35.    California Labor Code §226.2 governs compensation paid to piece-rate employees,

4  like Plaintiffs and the Class Members. It states, in the relevant part:

> This section shall apply for employees who are compensated on a piece-rate basis for
> any work performed during a pay period. This section shall not be construed to limit or
> alter minimum wage or overtime compensation requirements, or the obligation to
> compensate employees for all hours worked under any other statute or local ordinance.
> For the purposes of this section, "applicable minimum wage" means the highest of the
> federal, state, or local minimum wage that is applicable to the employment, and "other
> nonproductive time" means time under the employer's control, exclusive of rest and
> recovery periods, that is not directly related to the activity being compensated on a
> piece-rate basis.
>     (a) For employees compensated on a piece-rate basis during a pay period, the
> following shall apply for that pay period:
>         (1) Employees shall be compensated for rest and recovery periods and
> other nonproductive time separate from any piece-rate compensation.
>         (2) The itemized statement required by subdivision (a) of Section 226
> shall, in addition to the other items specified in that subdivision, separately state
> the following, to which the provisions of Section 226 shall also be applicable:
>             (A) The total hours of compensable rest and recovery periods, the
> rate of compensation, and the gross wages paid for those periods during
> the pay period.
>             (B) Except for employers paying compensation for other
> nonproductive time in accordance with paragraph (7), the total hours of
> other nonproductive time, as determined under paragraph (5), the rate of
> compensation, and the gross wages paid for that time during the pay
> period.

     36.    Thus, according to Cal. Labor Code §226.2, which codifies the decision in *Armenta*

*v. Osmose, Inc.* (Cal. App. 2d Dist. 2005) 135 Cal. App. 4th 314, employees who are paid on a

piece-rate basis, such as Plaintiffs and the Class Members, must be compensated for all the hours

that they work, including non-productive time.

     37.    However, and due to Defendants' misclassification of Plaintiffs, and the Class

Members as independent contractors, Plaintiffs, and the Class Members were not paid for non-

productive time while employed by the Defendants. Instead, they only received compensation

based on the total number of newspapers delivered. Thus, time spent loading their personal

vehicles, or planning their routes, and all other nonproductive tasks typically taking up to an hour

1   or more, was not compensated. As a result, Plaintiffs and the Class Members were denied

2   compensation for all hours worked, in violation of Cal. Labor Code §1194, and were denied

3   compensation at the minimum wage in violation of Cal. Labor Code §§1197 and 1199.

4        38.    Similarly, Labor Code § 1194.2 authorizes employees to recover wages to recover

5   liquidated damages for violations of Labor Code § 1194. Where an employee, as Plaintiffs and the

6   Class Members, and the Class Members are not paid for all hours worked under Labor Code §

7   1194, the employee may recover minimum wages for the time associated with the overtime for

8   which they received no compensation. (See *Sillah v. Command Int'l Sec. Servs.* (N.D. Cal. 2015)

9   154 F. Supp. 3d 891 [holding that employees suing for failure to pay overtime could recover

10  liquidated damages under § 1194.2 if they also showed they were paid less than minimum wage];

11  accord *Andrade v. Arby's Rest. Grp., Inc.* (N.D. Cal. Dec. 12, 2016) No. 15-cv-03175 NC, 2016

12  U.S. Dist. LEXIS 172319, at *20-2 I.) Since Defendants failed to provide Plaintiffs and the Class

13  Members with compensation for all hours worked, each are entitled to recover liquidated damages

14  under Labor Code § 1194.2.

15       39.    Throughout the Class Period, and as a result of Defendants' misclassification of

16  Plaintiffs and the Class Members as independent contractors, Defendants failed to adopt meal and

17  rest break policies consistent with California law applicable to Class Members on their California

18  routes.  By virtue of misclassifying Plaintiffs and the Class Members as independent contractors

19  and as a result of their per-delivery compensation system, Defendants did not maintain a policy

20  authorizing their workers to take paid rest breaks amounting to 10 minutes of time for each four

21  hours of work or major fraction thereof on their shifts in California.

22       40.    Under California law, Defendants are and were obligated to pay workers, including

23  Plaintiffs, and the Class Members, separately and hourly for their rest break time in California.

24  *See Bluford v. Safeway Stores, Inc.*, (2013) 216 Cal. App. 4th 864, 872-73 ("Thus, contrary to

25  Safeway's argument, a piece-rate compensation formula that does not compensate separately for

26  rest periods does not comply with California minimum wage law."); *Shook v. Indian Transport*

27  *Co.*, 2014 WL 7178199 (E.D.Cal. Dec. 15, 2014) (adopting *Bluford* and noting that, "IRT has not

28

1    identified any split in the California appellate courts that would indicate that there is any

2    disagreement over whether piece-rate workers must be separately compensated for breaks");

3    *Cardenas v. McLane FoodServices, Inc.* (C.D.Cal.2011) 796 F.Supp.2d 1246, 1252 (piece-rate pay

4    system that did not separately pay truck drivers for rest periods and other nonproductive times

5    violates California law requiring compensation for each hour worked); and, *Gonzalez v. Downtown*

6    *LA Motors, LP*, (2013) 215 Cal. App. 4th 36, 49 (favorably citing and adopting *Cardenas*).

7        41.    Under California Labor Code Section 512 and IWC Wage Order No. 9, no

8    employer shall employ any person for a work period of more than five (5) hours without providing

9    a meal period of not less than thirty (30) minutes. During this meal period of not less than thirty

10    (30) minutes, the employee is to be completely free of the employer's control and must not

11    perform any work for the employer. If the employee does perform work for the employer during

12    the thirty (30) minute meal period, the employee has not been provided a meal period in

13    accordance with the law. Also, the employee is to be compensated for any work performed during

14    the thirty (30) minute meal period. Finally, an employer may not employ an employee for a work

15    period of more than ten (10) hours a day without providing the employee with another meal period

16    of not less than thirty (30) minutes.

17        42.    Under California Labor Code Section 226.7, if the employer does not provide an

18    employee a meal period in accordance with these requirements, the employer shall pay the

19    employee one (1) hour of pay at the employee's regular rate of compensation for each workday

20    that the meal period is not provided. Here, as a result of the misclassification of Plaintiffs and the

21    Class Members as independent contractors, Defendants never authorized Plaintiffs, and the Class

22    Members to take their timely 30-minute duty-free meal breaks, on or before the fifth hours of time

23    shifts, and Defendants never paid any missed meal break premiums to its workers, including the

24    Plaintiffs and the Class Members.

25        43.    Furthermore, by virtue of the misclassification of Plaintiffs and the Class Members

26    as independent contractors, Defendants do not issue adequate wage statements to its newspaper

27    carriers in California, under Labor Code Sections 226(a) and 226.2. Specifically, Defendants have

28

1  not and do not issue wage statements that include newspaper carriers' total hours worked and all

2  applicable hourly rates in effect during the pay period and the corresponding number of hours

3  worked at each hourly rate in violation of Labor Code Section 226(a), including for all time spent

4  on Nonproductive times, and time spent on rest periods. *See,* Labor Code § 226.2.

5      44.    Courts in California have held, in the summary judgment context, even before the

6  passage of Labor Code Section 226.2, that newspaper carriers' hours must be reported on their

7  paystubs, even in cases where newspaper carriers are paid on a piece-rate basis. *See, Cicairos v.*

8  *Summit Logistics* (2005) 133 Cal.App.4th 949, 960-961 ("The "Driver Trip Summary—Report of

9  Earnings" statements, which newspaper carriers received with their earnings statements, did not

10  remedy the deficiencies in the earnings statements. The trip summaries showed a time the driver

11  was dispatched, which was one or more times on a working day. After the dispatch time were

12  columns for how many miles traveled, stops, delay minutes, and other categories. The summaries

13  did not, however, show how many hours the driver worked each day or during the pay period.

14  Thus, the defendant failed to provide the Plaintiffs with itemized wage statements that meet the

15  requirements of Labor Code section 226"); *McKenzie v. Federal Express Corp.*, 765 F.Supp.2d

16  1222, 1229 (C.D.Cal. 2011) ("[T]he Court finds that FedEx violated Section 226(a)(2) by failing to

17  state the "total hours worked by [an] employee" in its wage statements"); *Cornn v. United Parcel*

18  *Service, Inc.*, 2006 W.L. 449138, *2-3 (N.D.Cal. 2006) (denying defendant's motion for summary

19  judgment on Section 226 claim and noting, "[i]nstead, the Court holds that if UPS failed to report

20  the actual number of hours worked on Plaintiffs' wage statements, then the company violated

21  section 226."). This is also now clear from Labor Code Section 226.2(a)(1)-(2).

22      45.    Additionally, as a result of Defendants' misclassification of Plaintiffs and the Class

23  Members as independent contractors, Defendants do not maintain an expense reimbursement

24  policy and/or practice stating that Defendants will affirmatively reimburse Plaintiffs, the Class

25  Members, or the Class Members for a reasonable portion of their monthly personal cell phone bills

26  and other expenses, including payroll taxes paid on Defendants' behalf, necessarily incurred in

27  their discharge of their duties, as required by *Cochran v. Schwan's Home Service, Inc.*, 228

28

1  Cal.App.4th 1137 (Cal. Aug. 12, 2014) ("We hold that when employees must use their personal
2  cell phones for work-related calls, Labor Code section 2802 requires the employer to reimburse
3  them. Whether the employees have cell phone plans with unlimited minutes or limited minutes,
4  the reimbursement owed is a reasonable percentage of their cell phone bills.") (reversing denial of
5  class certification in cell phone reimbursement class action and setting forth the applicable law for
6  these claims); *Aguilar v. Zep, Inc.*, 2014 WL 4245988 *17 (N.D.Cal. Aug. 27, 2014) (granting
7  Plaintiffs' motion for partial summary judgment on the Plaintiffs' cell phone reimbursement
8  claim); *Ritchie v. Blue Shield of California*, 2014 WL 6982943, at *21 (N.D.Cal. Dec. 9, 2014)
9  (Hon. Edward Chen) (certifying class of cell phone reimbursement claim and adopting the logic of
10  *Cochran*).

11       46.    By virtue of its willful misclassification of the Class, Defendants violated Labor
12  Code § 2802 by failing to reimburse Plaintiffs and the Class Members, for their business-related
13  expenses including cell phones bills, maintenance, payroll taxes, and repairs. As a result, Plaintiffs
14  and the Class Members spent hundreds of dollars each month on non-reimbursed business-related
15  expenses that should have been paid for by the Defendants. Specifically, by virtue of its willful
16  misclassification of the Class, Defendants violated Labor Code § 2802 by failing to reimburse
17  Plaintiffs, the Class Members and the Class Members for their business-related expenses including
18  gas expenses incurred, license plate registration and fees, state and federal payroll taxes, insurance
19  expenses for operating their vehicles and costs of maintenance and repairs.

20       47.    As a result, Defendants have uniformly violated Cal. Labor Code § 221, by
21  requiring Plaintiffs and the Class Members to pay for incidentals associated with the performance
22  of their duties. Section 221 states, "It shall be unlawful for any employer to collect or receive from
23  an employee any part of wages theretofore paid by said employer to said employee." The
24  California Supreme Court, in *Kerr's Catering Service v. Department of Industrial Relations* (1962)
25  57 Cal. 2d 319, was faced with an employee compensation plan that deducted cash shortages from
26  commissions. In *Kerr,* the Court interpreted this statute to mean that an employee cannot insure
27  the losses of his employer which did not result from the employee's own malfeasance. *Id.* at 327-
28

328. Per the Court:

> But some cash shortages, breakage and loss of equipment are inevitable in almost any business operation. It does not seem unjust to require the employer to bear such losses as expenses of management when it is presently the unchallenged practice to require him to bear, as a business expense, the cost of tools and equipment, protective garments and uniforms furnished to the employee by prohibiting in section 9, subdivisions (a), (b) and (c) of Order 5-57, deductions for these costs.

> Furthermore, the employer may, and usually does, either pass these costs on to the consumer in the form of higher prices or lower his employees' wages proportionately, thus distributing the losses among a wide group. In addition, the employer is free to discharge any employee whose carelessness causes the losses, and he is not prohibited from deducting for cash shortages caused by the "dishonest or willful act, or by the culpable negligence of the employee."

*See* also, *Quillian v. Lion Oil Co.,* (1979) 96 Cal. App. 3d 156. *Id.* at 329.

48.    Here, the deductions made to the pay of Plaintiffs and the Class Members were all, in fact, designed to insure Defendants from the losses resulting from the employment of Plaintiffs and the Class Members. In fact, Plaintiffs and the Class Members were required to provide the Defendants with a commercial bond or security deposit to insure Defendants from losses, and were subject to liquidated damages when they delivered newspapers that were subsequently damaged. And, Plaintiffs and the Class Members were required to indemnify the Defendants for any losses associated with their employment. These deductions termed "liquidated damages" were not due to any dishonest or willful act of Plaintiffs, or the Class Members, but rather, were the result of Plaintiffs and the Class Members performing their job duties as required.

49.    Additionally, Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

50.    Labor Code §§ 400 - 410 ("Employee Bond Law") provides the limited circumstances under which an employer can exact a cash bond from its employees. These provisions are designed to protect employees against the very real danger of an employer taking or misappropriating employee funds held by the employer in trust. IWC Wage Order Nos. 1-2001 and 9-2001 Section 8, provides that the only circumstance under which an employer can make a

1 | deduction from an employee's wage due to cash shortage, breakage, or loss of equipment is if the

2 | employer can show that the shortage, breakage, or loss was the result of the employee's gross

3 | negligence, or dishonest or willful act.

4 |     51.    These and related statutes, along with California's fundamental public policy

5 | protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated

6 | or unpredicted reductions in their wages; making employees the insurers of their employer's

7 | business losses; otherwise passing the ordinary business losses of the employer onto the employee;

8 | taking deductions from wages for business losses unless the employer can establish that the loss

9 | was caused by a dishonest or willful act, or gross negligence of the employee; or taking other

10 | unpredictable deductions that may impose a special hardship on employees.

11 |     52.    As a result of classifying Plaintiffs and the Class Members as independent

12 | contractors, and through their form contracts with Plaintiffs and the Class Members, Defendants

13 | have violated Cal. Labor Code §§ 221, 223, 400 - 410, and IWC Wage Order Nos. 1-2001 and 9-

14 | 2001, Section 8 by unlawfully taking deductions from Plaintiffs and Class Members' pay. As a

15 | result of Defendants unlawful deductions from Plaintiffs and the Class Members' Compensation,

16 | they have violated Labor Code §§ 218.5, 221, 223, and 400 – 410, 1194 as well as IWC Wage

17 | Order No. 9-2001, Section 8.

18 |     53.    Labor Code § 204 expressly requires that "[a]ll wages…earned by any person in

19 | any employment are due and payable twice during each calendar month, on days designated in

20 | advance by the employer as the regular paydays." Pursuant to Labor Code § 204(d), these

21 | requirements are "deemed satisfied by the payment of wages for weekly, biweekly or semimonthly

22 | payroll if the wages are paid not more than seven calendar days following the close of the payroll

23 | period.

24 |     54.    As discussed in detail above, and as a result of Defendants classifying Plaintiffs and

25 | the Class Members as independent contractors, failing to pay for non-productive time, including

26 | rest periods, and failing to pay meal period premiums and rest period premiums, Defendants failed

27 | to pay Plaintiffs, the Class Members, and the other Class Members at least twice per month in

28 |

1  violation of Labor Code § 204. Defendants regularly and consistently failed to pay Plaintiffs and

2  the Class Members for all of their hours worked, for rest periods and/or rest period premiums, and

3  meal period premiums.

4      55.    Labor Code § 210 provides that "in addition to, an entirely independent and apart

5  from, any other penalty provided in this article, every person who fails to pay the wages of each

6  employee as provided in Sections...204...shall be subject to a civil penalty as follows: (1) For any

7  initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) for each

8  subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each

9  failure to pay each employee, plus 25% of the amount unlawfully withheld." As a result of the

10  faulty compensation policies and practices described in detail above, Plaintiffs, the Class

11  Members, and the other Class Members are entitled to recover penalties under Labor Code § 210

12  through PAGA.

13      56.    As a result of Defendants' misclassification of Plaintiffs and the Class Members as

14  independent contractors, and as a result of their failure to pay Plaintiffs and all Class Members for

15  all hours worked, including non-productive time, and meal/rest period premiums, Defendants

16  violated Labor Code § 203. Labor Code § 203 provides "if an employer willfully fails to pay . . .

17  any wages of an employee who is discharged or who quits, the wages of the employee shall

18  continue as a penalty. . ." for up to 30 days. Lab. Code § 203; *Mamika v. Barca*, (1998) 68

19  Cal.App.4th 487, 492.

20      57.    Due to Defendants faulty policies described above, Plaintiffs, the Class Members,

21  and all Class Members whose employment with Defendant concluded were not compensated for

22  each and every hour worked or at the appropriate rate. Additionally, Defendants have failed to pay

23  all Class Members for all hours worked (including at the proper rates), rest period premiums, and

24  meal period premiums, whose sums were certain, at the time of termination or within seventy-two

25  (72) hours of their resignation and have failed to pay those sums for thirty (30) days thereafter.

26                          **CLASS ACTION ALLEGATIONS**

27      58.    Plaintiffs bring this action, on behalf of themselves and all others similarly situated,

28

as a class action pursuant to Code of Civil Procedure § 382.  Plaintiffs seeks to represent a Class composed of and defined as:

> (a) Plaintiffs and all other California residents who are or have been employed by Amazon and/or its predecessor or merged entities in California as workers or in any similar capacity, who signed independent contractor agreements with Amazon, and who were classified as independent contractors during the Class Period (hereinafter referred to as "Amazon Class");
>
> (b) Plaintiffs and all other California residents who are or were employed by Amazon Logistics and/or its predecessor or merged entities in California, as workers or in any similar capacity, who signed independent contractor agreements with Amazon Logistics, and who were classified as independent contractors during the Class Period (hereinafter referred to as "Amazon Logistics Class");

59.    This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiffs is a proper representative of the Class:

a.    <u>Numerosity</u>:  The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiffs is informed and believes that Defendants have, on average, during the Class Period employed over 200 Class Members as newspaper carriers in California who were subject to Defendants' unlawful misclassification. Due to turnover, the total number of Class Members, including Class Members who are no associated with Defendants, are estimated to be more than 100.  The Class Members are dispersed throughout California.  Joinder of all members of the proposed classes is therefore not practicable.

b.    <u>Commonality</u>:  There are questions of law and fact common to Plaintiffs and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

i. Whether Defendants engaged in a pattern or practice of willful misclassification of Plaintiffs and Class Members as independent contractors;

ii. Whether Defendants violated sections 1194, 1194.2, and 226.2 of the Labor

1    Code by failing to pay Plaintiffs and the members of the Class separately and on an hourly basis

2    for their time spent on their statutory rest breaks and other nonproductive tasks engaged in by

3    members of the Class on a daily basis during the Class Period;

4              iii.   Whether Defendants violated Section 12 of IWC Wage Order No. 9 by

5    failing to provide paid rest periods to Plaintiffs and the members of the Class in California during

6    the Class Period;

7              iv.   Whether Defendants violated Labor Code section 226.7 by failing to provide

8    one hour of premium pay to each member of the Class for each day that a paid rest period was not

9    provided in California during the Class Period;

10             v.   Whether Defendants violated Labor Code sections 512 and 226.7, and

11   section 11 of IWC Wage Order No. 9 by failing to pay one hour of premium pay to each member of

12   the Class for each day that an unpaid meal break was not provided during the Class Period;

13             vi.   Whether Defendants violated 2802 of the Labor Code and section 17203 of

14   the California Business and Professions Code during the Class Period by failing to reimburse

15   Plaintiffs and the Class Members for their work-related expenses including personal cell phone

16   expenses, payroll taxes, gasoline charges, insurance costs, and other expenses;

17             vii.   Whether Defendants violated Labor Code sections 221, 400-410, and Wage

18   Order no. 9, section 8, by deducting liquidated damages from the pay of Plaintiffs and the Class

19   Members for failing to deliver newspapers in accordance with Defendants' policies;

20             viii.   Whether Defendants violated Labor Code sections 204 and 210 by failing to

21   pay Plaintiffs and the Class Members all wages owed with seven days of the close of payroll;

22             ix.   Whether Defendants violated Section 203 of the Labor Code by failing to pay

23   members of the Waiting Time Penalty Subclass (those class members who have terminated their

24   employment with the Defendants) for all wages due to them (including their pay due for unpaid rest

25   breaks and the other Nonproductive times) upon their separation of employment from Defendant;

26             x.   Whether Defendants engaged in an unfair practice and violated section

27   17200 of the California Business and Professions Code by failing to pay Plaintiffs and the

28

1    members of the Class separately and on an hourly basis for their time spent on statutory rest breaks

2    and other Nonproductive times and by failing to reimburse them for fair business-related expenses

3    including phone expenses and payroll taxes, during the Class Period;

4             xi. Whether Defendants engaged in an unfair practice and violated section

5    17200 of the California Business and Professions Code by failing to provide paid rest breaks to

6    members of the Class in violation of Labor Code section 226.7 and Section 12 of IWC Wage

7    Order No. 9;

8             xii. Whether Defendants engaged in an unfair practice and violated section

9    17200 of the California Business and Professions Code by failing to provide off-duty meal breaks

10    to members of the Class in violation of Labor Code sections 512, 226.7 and Section 11 of IWC

11    Wage Order No. 9;

12             xiii. Whether Plaintiffs and the Class are entitled to restitution under Business

13    and Professions Code § 17200;

14             xiv. The proper formula(s) for calculating damages, interest, and restitution

15    owed to Plaintiffs and the Class Members;

16             xv. The nature and extent of class-wide damages.

17          c.    Typicality: Plaintiffs' claims are typical of the claims of the Class. Both

18    Plaintiffs and Class Members sustained injuries and damages, and were deprived of property

19    rightly belonging to them, arising out of and caused by Defendants' common course of conduct in

20    violation of law as alleged herein, in similar ways and for the same types of unpaid wages.

21          d.    Adequacy of Representation: Plaintiffs is a member of the Class and will

22    fairly and adequately represent and protect the interests of the Class and Class Members.

23    Plaintiffs' interests do not conflict with those of Class and Class Members. Counsel who represent

24    Plaintiffs are competent and experienced in litigating large wage and hour class actions, and other

25    employment class actions, and will devote sufficient time and resources to the case and otherwise

26    adequately represent the Class and Class Members.

27          e.    Superiority of Class Action: A class action is superior to other available

28

means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged or may be damaged in the future by reason of Defendants' unlawful policies and/or practices. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because it allows for efficient and full disgorgement of the ill-gotten gains Defendants have enjoyed by maintaining its unlawful compensation and non-reimbursement policies and will thereby effectuate California's strong public policy of protecting employees from deprivation or offsetting of compensation earned in their employment. If this action is not certified as a Class Action, it will be impossible as a practical matter, for many or most Class Members to bring individual actions to recover monies unlawfully withheld from their lawful compensation due from Defendants, due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

## FIRST CAUSE OF ACTION
### FAILURE TO PAY SEPARATELY AND HOURLY FOR TIME SPENT ON NONPRODUCTIVE TIMES IN CALIFORNIA
[Cal. Labor Code §§ 1194; 1194.2, and 226.2]
**On behalf of Plaintiffs and the Class Against All Defendants**

60.    Plaintiffs re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

61.    Section 1194 of the Labor Code provides, in relevant part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than minimum wage…applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage …, including interest thereon, reasonable attorney's fees, and costs of suit.

62.    Section 1194.2 of the Labor Code provides, in relevant part:

> In any action under…Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

63.    As set forth above, during the Class Period, although Plaintiffs and the Class Members were misclassified as independent contractors by the Defendants, they were, in reality, employees of Defendants.  Moreover, during the Class Period, Plaintiffs and Class Members took several statutory rest periods during their routes.  Further, as set forth above, during the Class Period, Plaintiffs and Class Members engaged in several nonproductive tasks during their shifts. Plaintiffs and the members of the Class were paid on a per- delivery basis, but Defendants did not separately compensate workers on an hourly basis for their time spent on statutory rest periods or nonproductive tasks in violation of Labor Code § 1194.

64.    Accordingly, during the Class Period, Plaintiffs and the members of the Class did not receive minimum wage for their on-duty time spent taking statutory rest breaks and on nonproductive tasks.

65.    In failing to pay workers for their time spent on rest periods and the nonproductive tasks separately particularly after the issue of *Gonzalez* and *Bluford* in 2013, and certainly for any violations after January 1, 2016, when Section 226.2 became effective, Defendants operated in bad faith given the cases and the state of the law set forth above.  Accordingly, pursuant to sections 1194, 1194.2, and 226.2 of the California Labor Code, Plaintiffs and the Class are entitled to recover, either their unpaid hourly wages due, or minimum wage plus interest and/or liquidated damages in an additional amount equal to the total amount of wages unlawfully withheld during the Class Period for workers' rest period time.

66.    Pursuant to section 1194.2 of the Labor Code, Plaintiffs and the Class are also entitled to recover interest, costs, and attorneys' fees associated with this cause of action.

### SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE PAID REST PERIODS
### AND PAY MISSED REST BREAK PREMIUMS
**[Cal. Labor Code §§ 226.7; Section 12 OF IWC Wage Order No. 9]**
**On behalf of Plaintiffs and the Class Against All Defendants**

67.    Plaintiffs re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

68.    Section 12 of IWC Wage Order No. 9 provides: "(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. *Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.*" (Emphasis added).

69.    California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

70.    Courts have interpreted Section 12 of the applicable Wage Order to mean that employees paid on a piece-rate must receive separate and hourly pay for their time spent on rest breaks. *See, e.g., Bluford v. Safeway Stores, Inc.*, (2013) 216 Cal. App. 4th 864, 872-73 ("Thus, contrary to Safeway's argument, a piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage law.").

71.    As alleged herein, although misclassified, Plaintiffs and the Class were employees of Defendants. By failing to provide its newspaper carriers paid rest periods of 10 minutes for each 4 hours of work, Defendants violated California Labor Code § 226.7, and are liable to Plaintiffs and the Class.

72.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class were not provided paid rest breaks, and are entitled to recovery under Cal. Labor Code §226.7 in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide newspaper carriers with paid rest periods as required by California law.

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE OFF-DUTY MEAL BREAKS AND FAILURE**
**TO PAY MISSED MEAL BREAK PREMIUMS**
**[Cal. Labor Code §§ 226.7, 512]**
**On behalf of Plaintiffs and the Class Against All Defendants**

73.    Plaintiffs re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

74.    California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

75.    Section 11(A) and (B) of IWC Wage Order No. 9 provide that:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee...An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

76.    Section 11(C) of IWC Wage Order No. 9 provides that

Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an on-duty meal period and counted as time worked. An on-duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

77.    Finally, Section 11(D) of IWC Wage Order No. 9 provides that

If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

78.    As alleged herein by virtue of the misclassification of Defendants' workers, and by failing to provide its workers with duty-free timely 30-minute meal breaks, on their California routes greater than 5 hours in length, Defendants violated California Labor Code § 226.7 and IWC Wage Order No. 9, and are liable to Plaintiffs and the Class.

79.    As a result of the unlawful acts of Defendants, Plaintiffs and the Class were not provided timely duty-free meal breaks, and are entitled to recovery under Cal. Labor Code §226.7

1   in the amount of one additional hour of pay at the employee's regular rate of compensation for

2   each work period greater than 5 hours in California during each day in which Defendants failed to

3   provide workers with timely duty-free meal periods as required by California law.

**FOURTH CAUSE OF ACTION**
**FAILURE TO REIMBURSE BUSINESS EXPENSES**
**[Cal. Labor Code § 2802]**
**On Behalf of Plaintiffs and the Class Against All Defendants**

7   80.     Plaintiffs re-alleges and incorporates by reference each and every allegation set

8   forth in the preceding paragraphs.

9   81.     Labor Code § 2802 provides that "[a]n employer shall indemnify his or her

10  employee for all necessary expenditures or losses incurred by the employee in direct consequence

11  of the discharge of his or her duties."

12  82.     By virtue of its misclassification of Plaintiffs and the Class as independent

13  contractors when they were, in reality, employees, Defendants failed to reimburse Plaintiffs and

14  the Class for their business-related expenses that were necessary to perform their jobs, including

15  gas expenses incurred, cell phones bills, license plate registration and fees, insurance expenses for

16  operating their vehicles, state and federal payroll taxes, and costs of maintenance and repairs.

17  83.     As a result, throughout the Class Period, Plaintiffs and the Class incurred hundreds

18  of dollars per month in unreimbursed expense for which they are entitled to be reimbursed, plus

19  interest.

20  84.     Defendants' failure to pay for or reimburse the work-related business expenses of

21  Plaintiffs and Class Members violated non-waivable rights secured to Plaintiffs and Class

22  Members by Labor Code § 2802. *See* Labor Code §2804. Plaintiffs and similarly situated Class

23  Members are entitled to reimbursement for these necessary expenditures, plus interest and

24  attorneys' fees and costs, under Labor Code § 2802(c).

**FIFTH CAUSE OF ACTION**
**UNLAWFUL DEDUCTIONS FROM PAY**
**[Cal. Labor Code §§ 221, 223, 400-410 and Wage Order No. 1, Section 8]**
**On Behalf of Plaintiffs and the Class Against All Defendants**

85.    Plaintiffs realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

86.    Labor Code § 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

87.    Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

88.    Labor Code §§ 400-410 ("Employee Bond Law") provide the limited circumstances under which an employer can exact a cash bond from its employees. These provisions are designed to protect employees against the very real danger of an employer taking or misappropriating employee funds held by the employer in trust.

89.    IWC wage order No.9, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage due to cash shortage, breakage, or loss of equipment is if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act.

90.    These and related statutes, along with California's fundamental public policy protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated or unpredicted reductions in their wages; making employees the insurers of their employer's business losses; otherwise passing the ordinary business losses of the employer onto the employee; taking deductions from wages for business losses unless the employer can establish that the loss was caused by a dishonest or willful act, or gross negligence of the employee; or taking other unpredictable deductions that may impose a special hardship on employees.

91.    Defendants have violated and continue to violate Cal. Labor Code §§ 221, 223, and 400-410, and IWC wage order No.9, § 8 by unlawfully taking deductions from Plaintiffs' and Class Members' compensation to cover certain ordinary business expenses of Defendants, including but not limited to providing refunds to customers who complain about their orders not

being delivered appropriately. Defendants' further violated and continue to violate Cal. Labor Code §§ 221, 223, and 400-410, and IWC wage order No.9, § 8 through their policy of liquidated damages for failing to comply with Defendants' policies regarding the delivery of orders.

92.    Because Defendants took unlawful deductions from the compensation of Plaintiffs and the Class, they are liable to Plaintiffs and Class Members for the compensation that should have been paid but for the unlawful deductions, pursuant to Cal. Labor Code§§ 221, 223, and 400-410, and IWC wage order No.9, § 8.

93.    By unlawfully deducting wages and failing to pay Plaintiffs and other similarly situated Class Members,, Defendants are also liable for penalties, reasonable attorneys' fees, and costs under Labor Code §§ 218.5 and 1194.

## SIXTH CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES WITHIN A TIMELY MANNER
[Cal. Labor Code §§ 204]
**On behalf of Plaintiffs, and the Class Against All Defendants**

94.    Plaintiffs incorporates by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

95.    Cal. Lab. Code §200 provides that "'wages' include all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, pieces, commission basis, or other method of calculation."

96.    Cal. Labor Code §204 states that all wages earned by any person in any employment are payable twice during the calendar month, and must be paid not more than seven days following the close of the period when the wages were earned.

97.    Cal. Lab. Code §216 establishes that it is a misdemeanor for any person, with regards to wages due, to "falsely deny the amount or validity thereof, or that the same is due, with intent to secure himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

98.    Defendants, as a matter of established company policy and procedure, in the State of California, scheduled, required, suffered, and/or permitted Plaintiffs and other members of the

1 | Class, to work during payperiods, and not compensate them for their work within seven days of the

2 | close of payroll.

3 | 99.    In addition, Defendants, as a matter of established company policy and procedure in

4 | the State of California, scheduled, required, suffered and/or permitted Plaintiffs and the members

5 | of the Class, to work without compensation, work without legally compliant off-duty meal periods

6 | and rest periods, and failed to pay Plaintiffs and the members of the Class, for their hours worked,

7 | meal period premiums, and rest period premiums within seven days of the close of payroll, as

8 | required by law.

9 | 100.    Defendants, as a matter of established company policy and procedure in the State of

10 | California, falsely deny they owe Plaintiffs and the other members of the Class these wages, with

11 | the intent of securing for itself a discount upon its indebtedness and/or to annoy, harass, oppress,

12 | hinder, delay, and/or defraud Plaintiffs and the Class Members.

13 | 101.    Defendants' pattern, practice and uniform administration of its corporate policy of

14 | illegally denying employees compensation, as described herein, is unlawful and entitles Plaintiffs

15 | and members of the Class, to recover, pursuant to Cal. Lab. Code §218, the unpaid balance of the

16 | compensation owed to them in a civil action.

17 | 102.    Pursuant to Cal. Lab. Code §218.6 and to Cal. Civ. Code §§3287 (b) and 3289,

18 | Plaintiffs and members of the Class, seek to recover pre-judgment interest on all amounts

19 | recovered herein.

20 | 103.    Pursuant to Cal. Lab. Code §218.5, Plaintiffs and members of the Class, request that

21 | the Court award them reasonable attorneys' fees and the costs incurred by them in this action, as

22 | well as any statutory penalties Defendants' may owe under the California Labor Code and/or any

23 | other statute.

24 | **SEVENTH CAUSE OF ACTION**
**FAILURE TO PROVIDE COMPLETE WAGE STATEMENTS**
25 | **[Cal. Labor Code § 226(a) and 226.2(a)(2)(A)-(B)]**
26 | **On behalf of Plaintiffs and the Wage Statement and Penalty Subclass Against All Defendants**

27 | 104.    Plaintiffs re-alleges and incorporates by reference each and every allegation set

28 | forth in the preceding paragraphs.

105.    The actionable period for this cause of action is one year prior to the filing of this Complaint through the present, and on-going until the violations are corrected or the subclass is certified.

106.    Section 226(a) of the California Labor Code provides, in relevant part:

> Every employer shall…furnish each of his or her employees…an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all -deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

107.    As set forth above, during the Class Period, due to misclassification, Defendants failed to issue wage statements to its newspaper carriers in California, including Plaintiffs, that complied with Labor Code Section 226(a).    Moreover, Labor Code Section 226.2(a)(2)(A) provides that, for piece-rate workers, "The itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following to which Section 226 shall also be applicable: (A) The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period."    The total amount of non-productive working time (i.e., non-driving time) must also appear on the wage statement. *See,* Labor Code Section 226.2(a)(2)(B).

108.    Defendants' "wage statements" failed to comply with either section 226 or 226.2. First, Defendants failed to identify themselves as the employer. Second, Defendants' "wage statements" also did not include total hours worked, the total amount of time spent on rest periods & other nonproductive tasks, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of Labor Code Sections

1 | 226(a) and 226.2.

2 |     109.   Defendants failure to comply with section 226(a) of the Labor Code was knowing

3 | and intentional, particularly following the issuance of *McKenzie v. Federal Express Corp.*, 765

4 | F.Supp.2d 1222, 1229 (C.D.Cal. 2011) and/or the passage of Section 226.2.

5 |     110.   As a result of Defendants' issuance of inaccurate itemized wage statements to

6 | Plaintiffs and members of the wage statement and penalty subclass (i.e., those members of the

7 | class who were employed by Defendants during the actionable period for this cause of action) in

8 | violation of section 226(a) of the California Labor Code, Plaintiffs and the Class are each entitled

9 | to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not

10 | exceeding an aggregate penalty of $4,000 per Plaintiffs and per every member of the Class from

11 | Defendants pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

12 |

13 | **EIGHTH CAUSE OF ACTION**<br>**WAITING TIME PENALTIES FOR**

14 | **FAILURE TO PAY WAGES DUE ON TERMINATION**<br>**[Cal. Labor Code §§ 201-203]**

15 | **On Behalf of Plaintiffs and the Waiting Time Penalty Subclass Against All Defendants**

16 |     111.   Plaintiffs re-alleges and incorporates by reference each and every allegation set

17 | forth in the preceding paragraphs.

18 |     112.   The actionable period for this cause of action is three years prior to the filing of the

19 | Complaint through the present, and on-going until the violations are corrected, or the subclass is

20 | certified.

21 |     113.   Sections 201 and 202 of the California Labor Code require Defendants to pay all

22 | compensation due and owing to former newspaper carriers in the Class during the actionable

23 | period for this cause of action, at or around the time that their employment is terminated.

24 |     114.   Section 203 of the California Labor Code provides that if an employer willfully

25 | fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and

26 | 202, then the employer is liable for penalties in the form of continued compensation up to thirty

27 | (30) work days.

28 |

115.    By virtue of its willful misclassification of newspaper carriers, Defendants willfully failed to pay Plaintiffs and other members of the Waiting Time Penalty Subclass (i.e., those members of the Class whose employment with Defendants ended the actionable period for this cause of action) who are no longer employed by Defendants for their time spent on statutory rest breaks and the other Nonproductive times prior to or upon termination or separation from employment with Defendants as required by California Labor Code §§ 201 and 202.

116.    As a result, Defendants are liable to Plaintiffs and other members of the waiting time penalty subclass who are no longer employed by Defendants for waiting time penalties amounting to thirty (30) days wages for Plaintiffs and each such subclass member pursuant to California Labor Code § 203. See, e.g., DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties).

## NINTH CAUSE OF ACTION
### UNFAIR COMPETITION LAW VIOLATIONS
### (BUS. & PROF. CODE § 17200, ET SEQ.)
### On Behalf of Plaintiffs and the Class Against All Defendants

117.    Plaintiffs re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

118.    Section 17200 of the California Business & Professions Code prohibits any unlawful, unfair, or fraudulent business practices.  Business & Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL.  Such a person may bring such an action on behalf of himself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

119.    Under section 17208 of the California Business and Professions Code, the statute of limitations for a claim under Section 17200 is four years.  Accordingly, the actionable period for this cause of action is four years prior to the filing of this Complaint through the present, and on-going until the violations are corrected, or the Class is certified.

120.    Section 90.5(a) of the Labor Code states that it is the public policy of California to enforce vigorously minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law

1  from those who attempt to gain competitive advantage at the expense of their workers by failing to
2  comply with minimum labor standards.

3      121.    As a direct and proximate result of Defendants' unlawful business practices,
4  Plaintiffs and the Class Members have suffered economic injuries. Defendants have profited from
5  its unlawful, unfair, and/or fraudulent acts and practices.

6      122.    Plaintiffs and similarly situated Class Members are entitled to monetary relief
7  pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid wages, unpaid meal
8  and rest period premiums, unreimbursed business expenses, unlawful deductions, due and interest
9  thereon, from at least four years prior to the filing of this complaint through to the date of such
10  restitution, at rates specified by law. Defendants should be required to disgorge all the profits and
11  gains it has reaped and restore such profits and gains to Plaintiffs and Class Members, from whom
12  they were unlawfully taken.

13      123.    Through its actions alleged herein, Defendants have engaged in unfair competition
14  within the meaning of section 17200 of the California Business & Professions Code, because
15  Defendants' conduct, as herein alleged has damaged Plaintiffs and the Class Members by
16  misclassifying them as independent contractors, wrongfully denying them wages due for their time
17  spent on rest periods and other Nonproductive times, wrongfully denying them reimbursement for
18  business expenses, wrongfully denying them missed meal and rest period premiums, and
19  wrongfully deducting "liquidated damages" from their pay, and therefore was substantially
20  injurious to Plaintiffs and the Class Members.

21      124.    Defendants engaged in unfair competition in violation of sections 17200 et seq. of
22  the California Business & Professions Code by violating Sections §§, 221, 222, 223, 226.7, 401-
23  410, 512, 1182.11, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 1199.5, 2802 of the California Labor
24  Code, and Sections 3, 4, 8, 9, 11, 12 of the IWC Wage Order No. 9.

25      125.    Defendants' course of conduct, act and practice in violation of the California laws
26  mentioned above constitute independent violations of sections 17200 et seq. of the California
27  Business and Professions Code.

28

1    126.   Plaintiffs and similarly situated Class Members are entitled to enforce all applicable

2    penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

3    127.   Plaintiffs have assumed the responsibility of enforcement of the laws and public

4    policies specified herein by suing on behalf of themselves and other similarly situated Class

5    Members previously or presently employed by Defendants in California.  Plaintiffs' success in this

6    action will enforce important rights affecting the public interest. Plaintiffs will incur a financial

7    burden in pursuing this action in the public interest.  Therefore, an award of reasonable attorneys'

8    fees to Plaintiffs is appropriate pursuant to Code of Civil Procedure §1021.5, and Labor Code §

9    1194.

10               **JURY DEMAND**

11    128.   Plaintiffs hereby demand trial by jury of their and the Class's claims against

12    Defendants.

13              **PRAYER FOR RELIEF**

14    Wherefore, Plaintiffs, on behalf of themselves and the members of the Class, pray for

15    judgment against Defendants as follows:

16    1.   An Order than this action may proceed and be maintained as a class action;

17    2.   On the First Cause of Action:

18    a.   A declaratory judgment that Defendants violated sections 1194, 1194.2, and

19    226.2 of the California Labor Code by failing to pay Plaintiffs and other members of the Class

20    hourly and separately for their time spent on statutory rest periods and the Nonproductive times

21    during the class period;

22    b.   An award to Plaintiffs and other members of the Class in the amount of their

23    unpaid wages owed to them for their time spent on statutory rest periods, plus interest and/or

24    liquidated damages during the class period;

25    c.   An award to Plaintiffs and the other members of the Class in the amount of

26    their unpaid wages owed to them for their time spent on the other non-productive tasks during the

27    class period, plus interest; and/or liquidated damages;

28

1           d.      An award to Plaintiffs and the Class Members of their attorneys' fees and

2 costs of suit to the extent permitted by law, including, but not limited to, section 1194 of the

3 California Labor Code and section 1021.5 of the California Code of Civil Procedure;

4       3.      On the Second Cause of Action:

5           a.      A declaratory judgment that Defendants violated California Labor Code §

6 226.7, and Section 12 of IWC Wage Order No. 9-2001;

7           b.      Pursuant to Cal. Labor Code § 226.7, an award to Plaintiffs and the Class

8 Members for an hour of pay for each day that a paid rest period was not provided during the Class

9 Period;

10       4.      On the Third Cause of Action

11           a.      A declaratory judgment that Defendants violated California Labor Code §§

12 226.7 and 512, and Section 11 of IWC Wage Order No. 9-2001;

13           b.      Pursuant to Cal. Labor Code § 226.7, an award to Plaintiffs and the Class

14 Members for an hour of pay for each day that an off-duty meal period was not provided during the

15 Class Period;

16       5.      On the Fourth Cause of Action

17           a.      A declaratory judgement that Defendants violated Labor Code § 2802;

18           b.      Pursuant to 2802 (a)-(c), reimbursement for all the unreimbursed business

19 related expenses including gas expenses incurred, cell phones bills, license plate registration and

20 fees, insurance expenses for operating their vehicles, payroll taxes paid to state and federal

21 authorities as a result of their misclassification as independent contractors, and costs of

22 maintenance and repairs incurred by Plaintiffs and the Class, plus interest and attorney's fees.

23       7.      On the Fifth Cause of Action:

24           a.      A declaratory judgment that Defendants violated Labor Code § 221, 223,

25 400-410, as well as Wage Order 9, Section 8;

26           b.      Damages in the amount of all wages wrongfully withheld from the pay of

27 Plaintiffs and the Members of Class plus interest, liquidated damages, and attorneys' fees and

28

1   costs;

2       8.      On the Sixth Cause of Action:

3           a.      A declaratory judgment that Defendants violated California Labor Code

4   §204 by paying Plaintiffs, and the Class more than seven days after the close of payroll.

5           b.      For compensatory damages, including lost wages, bonuses, and other losses,

6   according to proof,

7           c.      For general damages, according to proof;

8           d.      For an award of interest, including prejudgment interest at the legal rate;

9           e.      For statutory damages, including reasonable attorneys' fees and costs of

10  suit.

11      9.      On the Seventh Cause of Action:

12          a.  A declaratory judgment that Defendants violated California Labor Code

13  §226 by issuing inaccurate and/or incomplete wage statements that failed to include total hours

14  worked and all applicable hourly rates in effect during the pay period and the corresponding

15  number of hours worked at each hourly rate to Plaintiffs and the wage statement and penalty

16  subclass members;

17          b.  An award to Plaintiffs and Class Members of $50 for each initial pay period,

18  one year prior to the filing of this Complaint through the date of trial, in which a violation of

19  Section 226 occurred and $100 for each subsequent pay period, one year prior to the filing of this

20  Complaint through the date of trial, in which a violation of Section 226 occurred, not to exceed

21  $4,000 for each member of the Class, as well as an award of costs and reasonable attorney's fees,

22  pursuant to Labor Code § 226(e).

23      10.     On the Eighth Cause of Action:

24          a.      A declaratory judgment that Defendants violated California Labor Code §§

25  201 through 203;

26          b.      Pursuant to Cal. Labor Code §§ 201 through 203, an award to Plaintiffs and

27  the Waiting Time Penalty Subclass members for waiting time penalties in the amount of 30 days'

28

1    wages per waiting time penalty subclass Class Member.

2        11.    On the Ninth Cause of Action:

3            a.    That the Court find and declare that Defendants have violated the UCL and

4    committed unfair and unlawful business practices by misclassifying Plaintiffs and Class Members,

5    by failing to pay Plaintiffs and Class Members on a separate and hourly basis for their rest break

6    time and time spent on nonproductive times, by failing to pay missed meal and rest break

7    premiums, making unlawful deductions from pay, and by failing to reimburse Plaintiffs and the

8    Class for all their personal cell phone and car related business-related expenses;

9            b.    Restitution, including, but not limited to, the relief permitted by sections

10   1194, 221, 223, 400-410, 226.2, 226.7, and 2802 of the California Labor Code (i.e., pay as

11   specified for time spent on the nonproductive times, pay wrongfully deducted, and time spent on

12   rest periods and reimbursement of all business-related expenses by Plaintiffs and the members of

13   the Class during the Class Period), as well as a disgorgement of all profits associated with

14   Defendants' intentional misclassification of Plaintiffs and the Class Members as independent

15   contractors;

16       12.    All other relief as this Court deems proper.

17

18

19   Dated: August 20, 2020                      Respectfully,

20                                              POTTER HANDY LLP.

21

22

23                                    By:    James M. Treglio

24                                           Counsel for Plaintiffs, the Class Members and the
                                             Putative Class
25

26

27

28

---

PLAINTIFFS' CLASS ACTION COMPLAINT
38